MANDANA MASSOUMI (SBN 191359)
BRYAN M. McGARRY (SBN 258156)
**Dorsey & Whitney LLP**
600 Anton Boulevard, Suite 2000
Costa Mesa, California 92626-7655
Telephone: (714) 800-1400
Facsimile: (714) 800-1499

Attorneys for Defendants
ALBERTSON'S, NEW ALBERTSON'S, INC.

*NOTE CHANGES MADE BY THE COURT.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

| | |
|---|---|
| MARK FOSTER<br><br>Plaintiff,<br><br>vs.<br><br>ALBERTSON'S, NEW ALBERTSON'S, INC., and DOES 1 through 25<br><br>Defendants. | CASE NO: **2:11-cv-10558-SJO-AGR**<br><br>Assigned for all purposes to:<br>Hon. S. James Otero<br><br>**STIPULATED ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS**<br><br>Date Action Filed: September 9, 2011<br>Date Removed: December 21, 2011<br>Trial Date: NONE SET |

NOTE CHANGES MADE BY THE COURT.

The dispute in this action involves allegations relating to store policies of the defendant, which includes highly confidential and private information. During the course of this litigation, highly confidential information will need to be shared through discovery or otherwise between the parties and the Court. So that both parties can continue to protect their proprietary and private information involving descriptions of business methods, retail operations and money handling policies and personnel information as to the plaintiff and possible tangentially involved consumers, the parties propose this stipulation and order governing the designation and handling of confidential materials ("Confidentiality Order").

The parties plaintiff Mark Foster ("Plaintiff") on the one hand, and defendant New Albertson's, Inc. ("Defendant") on the other hand by and through their respective counsel, hereby stipulate and agree that any documents, information, testimony or transcripts ("Material") deemed by any Party or, upon request, by any person or entity that is not a party to this action ("Third-Party") to be confidential, proprietary, trade secret and/or subject to a right of privacy ("Confidential Information"), shall be designated and protected according to the following terms and conditions:

**A. DESIGNATING PROTECTED MATERIAL**

Any Party or Third-Party may determine in good faith whether any Material should be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" ("Designating Party"). However, such good faith belief must be based on the fact that such information has not been made public and the Designating Party must have a good faith belief that if such information is disclosed it will have the effect of causing harm to a Party's competitive position or otherwise impinge upon a party's right to privacy. Parties and Third-Parties shall also have the right to designate as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," Material produced, served or provided by other Parties or Third-Parties, in which case the Designating Party shall notify the other Parties and/or Third-Parties of the Material that should be treated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES

ONLY" pursuant to this Confidentiality Order. Any Material, or any part thereof, designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be used only for the preparation and trial of this action, including discovery, settlement, pre-trial proceedings, trial, appellate proceedings and petitions for reconsideration and/or review, and shall not be used for any business, commercial or other purpose. Except as otherwise provided in this Confidentiality Order, or as otherwise stipulated or ordered, any Material that a Party or Third-Party deems "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" must be clearly so designated. Designation in conformity with this Confidentiality Order requires the following:

1. For Material in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party producing the documents shall affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the top or bottom or by watermarking of each page of a document that contains Confidential Information. The Designating Party that makes original documents available for inspection need not designate them for protection under this Confidentiality Order until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the documents made available for inspection shall be deemed "CONFIDENTIAL-ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Designating Party must determine which documents qualify for protection under this Confidentiality Order; then, before producing the specified documents, the producing Party must affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page of the documents that contain Confidential Information. If, after production, a Party or Third-Party designates as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" documents not previously designated, then any Party in possession of such documents shall designate the documents as such in accordance with this Confidentiality Order.

2. For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall identify either (a) on the record before the close of the deposition, hearing or other proceeding, or (b) within 20 days after receiving the transcript of such deposition, hearing or other proceeding, all portions of the testimony that it wants to designate as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Only those portions of the testimony that are designated for protection during the deposition or other pretrial or trial proceedings, or within the 20 days after receipt of the transcript of such testimony, shall be covered by the provisions of this Confidentiality Order. The court reporter shall affix to the top or bottom of each page of a transcript containing Confidential Information the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," as instructed by a Designating Party's instructions.

3. For any Material produced in other than documentary form and for any other tangible items, the Designating Party producing such Material or tangible item shall affix in a prominent place on the exterior of the container or containers in which the material or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions. If, after production, a Party or Third-Party designates as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" any non-documentary Material or tangible item not previously designated, then any Party in possession of such Material or tangible item shall designate it as such in accordance with this Confidentiality Order.

**B. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION**

1. Subject to paragraph 3 below, all Material designated as "CONFIDENTIAL" may be disclosed only to:

   a. Counsel for a Party and in-house counsel for Defendant responsible for overseeing this action, as well as their employees and other persons or entities retained by such counsel to provide litigation-related services;

      b.     Experts, consultants and other independent contractors retained or employed to consult with, advise or assist counsel for a Party in the preparation or trial of this case, as well as their employees;

      c.     The Parties to this action and their current directors, officers and employees;

      d.     Witnesses who are being prepared by counsel to give testimony at a deposition or at trial, or who are being examined by counsel at a deposition or at trial; and

      e.     Personnel employed by the United States District Court for the Central District of California or any appellate court, including, the Ninth Circuit Court of Appeals, appellate court justices, court reporters, clerks and administrative support personnel.

2.     A Designating Party may designate as "CONFIDENTIAL-ATTORNEYS EYES ONLY" any Material that contains private, confidential, proprietary and/or trade secret information that is so sensitive that such Material should not be disclosed to the directors, officers or non-attorney employees of other Parties. Material designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed only to those persons and entities identified in paragraph B(1) (a), (b) and (e) above.

3.     Parties shall take appropriate measures to ensure that all persons permitted access to Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under paragraph B(1) (b), (c) or (d) of this Confidentiality Order have agreed, prior to reviewing any such Confidential Information, to be bound by the terms and conditions hereof with respect to the restricted disclosure and use of such Confidential Information. Prior to receiving any Confidential Information, those persons shall sign a copy of the statement attached hereto as Exhibit A, agreeing to be bound by the terms of this Confidentiality Order and submitting to the jurisdiction of the United States District Court for the Central District of California to enforce this Confidentiality Order. The Party who obtains any such

1  signed statements shall retain possession of the statements and shall provide a copy of
2  the statements at the written request of another Party. However, under no circumstances
3  shall any Party be required to disclose the identity or existence of any expert, consultant
4  or witness until otherwise required to do so by law or order of the United State District
5  Court for the Central District of California.
6  **C.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**
7  If, at any time during the pendency of this action, counsel for any Party wishes to
8  challenge a Designating Party's designation of Material as containing Confidential
9  Information, and to exclude such Material from the provisions of this Confidentiality
10 Order, the Party may proceed by ~~petition~~ motion before the United States District Court for the
11 Central District of California. [See Local Rule 37] The Parties shall first meet and confer in a good faith
12 effort to resolve informally any disputes concerning this Confidentiality Order before
13 bringing any such ~~petition~~ motion before the United States District Court for the Central District
14 of California. The designating party bears the burden of establishing the appropriateness
15 of a confidentiality designation. *See Foltz v. State Farm Mutual Automobile Insurance*
16 *Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)
17 **D.   INADVERTENT OR UNAUTHORIZED DISCLOSURE OF**
18 **      CONFIDENTIAL INFORMATION**
19 Inadvertent production without prior designation of any Confidential or privileged
20 Information shall be without prejudice to a Designating Party's right to later file a
21 ~~petition~~ motion seeking to have the Confidential or privileged Information designated as
22 "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or to any
23 other Party's right to argue that production of such Confidential Information constitutes a
24 waiver under applicable law of the right to designate any Confidential Information as
25 "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or that such
26 material must be returned as privileged.
27
28 **E.   MAINTENANCE AND FILING OF CONFIDENTIAL INFORMATION**

1. All Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," shall be kept in secure facilities. A "secure facility" is a place where access is restricted to only to those designated persons set forth in paragraphs B(1)(a) and (b) of this Confidentiality Order. Such requirement is not applicable to the Court.

2. The Parties recognize the Court is a public institution where the sealing of Court records is the exception rather than the rule. As such, the Parties agree that when utilizing Confidential Information in a proceeding before the Court or in submission of any documents to the Court with a pleading or in evidence, that each party shall make every effort to minimize the number of documents such Party requests to be sealed, and attempt only to seal the portion of the document or pleading that includes Confidential Information.

3. If a party wishes to file a document under seal, that party shall first file a written request, pursuant to Local Rule 79-5, for a sealing order setting forth sufficient cause for such sealing, and which shall be accompanied by a proposed order that is narrowly tailored as specified above. If the sole ground is that the opposing or non-party has designated the document as CONFIDENTIAL, that opposing or non-party shall file a declaration establishing sufficient cause for the sealing along with a proposed order, or shall withdraw the designation. Any declaration must be filed within five days of service on the opposing party of the request for a sealing order. [AGR]

4. ~~If previously sealed documents are ordered unsealed for use at trial, counsel for the party offering the document as evidence shall identify which entries to the docket represents the exhibits actually received, within two business days after the conclusion of the trial.~~ CONFIDENTIAL OR CONFIDENTIAL-ATTORNEYS' EYES ONLY Material used at trial shall become public absent a separate Court order upon written motion and sufficient cause shown. [AGR]

F. **CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

1. The terms of this Confidentiality Order shall apply to all manner and means of discovery, including subpoenas duces tecum.

2.     In the event that a Party is served with a subpoena that seeks to compel the production of Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Party upon whom the subpoena is served shall give written notice of the subpoena to the Designating Party at least seven (7) calendar days before the production date (or, if the subpoena provides less than seven (7) days notice, within one (1) business day after service of the subpoena). The Designating Party may then file a petition or motion to quash the subpoena and/or obtain such other relief as will protect the confidential nature of the documents. If the Designating Party files such a motion [AGR] before the production date specified in the subpoena, the Party upon whom the subpoena is served shall not produce the requested documents until after the United States District Court for the Central District of California or appropriate court has ruled on the petition or motion.

G.     **FINAL DISPOSITION**

Within thirty (30) days after the final termination of this action, counsel for each Party shall destroy any and all Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and shall destroy all copies, digests or summaries which have been made of, or prepared from, such Confidential Information, and shall provide counsel for the Party or Third-Party who produced such Material (upon request) with a declaration under penalty of perjury attesting to such return and/or destruction. For purposes of this Confidentiality Order, the term "final termination" shall refer to the time after any final order or award is entered in this action, with no timely petition for reconsideration or petition for review having been filed, or, if any such petition is filed, after a final decision is rendered by the United States District Court or any appellate court with no further petition or appeal pending or possible.

H.     **MISCELLANEOUS**

1.     Subject to the Provision of Paragraph F(2), above, nothing in this Confidentiality Order shall be construed to relieve any Party from the obligation to timely respond to a discovery request, nor shall this Confidentiality Order be construed

1 | as a waiver of the right to assert any objection to a discovery request.

2 |     2.    This Confidentiality Order is intended to regulate the production and

AGR 3 | dissemination of Confidential Information during ~~the entirety of this action~~ discovery, Fed. R.Civ. P. 26(c), and

4 | thereafter shall remain in full force and effect, unless and until modified, superseded or

5 | terminated by written agreement of all Parties or by order of the United States District

6 | Court. This Confidentiality Order shall become effective as among the Parties when

7 | executed by all Parties, with or without the District Court's entry of the order. The

8 | United States District Court for the Central District of California shall retain jurisdiction

9 | to enforce the provisions of this Confidentiality Order and to enter amendments,

10 | modifications and additions to this Confidentiality Order as the United States District

11 | Court for the Central District of California may from time to time deem appropriate upon

12 | noticed motion of a Party or upon the United States District Court for the Central District

13 | of California's own motion upon notice to the parties.

AGR 14-16 | ~~3.    Counsel for both parties shall make every attempt to redact exhibits for use at trial as opposed to marking such exhibits "CONFIDENTIAL" so as to reduce the burden of sealing the Court during trial.~~

17 | ///

28 |     4.    Nothing in this Confidentiality Order shall be construed as improperly

limiting the rights of third parties involved in other actions to conduct discovery or to limit the subpoena power of another court unless a Court grants a properly noticed motion for protective order in such other proceedings.

SO STIPULATED:

DATED: February 22, 2012

DORSEY & WHITNEY LLP

By: _____
Mandana Massoumi
Bryan M. McGarry
Attorneys for Defendants
ALBERTSON'S,
NEW ALBERTSON'S, INC.

DATED: February 22, 2012

LAW OFFICES OF EDWARD A. TORRES

By: _____
Edward A. Torres
Attorney for Plaintiff MARK FOSTER

IT IS SO ORDERED.
DATED: 2/29/12

_____
Alicia G. Rosenberg
UNITED STATES MAGISTRATE JUDGE

9
PROTECTIVE ORDER

# EXHIBIT A

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the STIPULATED ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS (the "Order") entered in Foster v. New Albertson's, Inc., United States District Court, Central District of California, and that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the California state or federal courts for purposes of enforcement of the Order.

DATED: _____    SIGNATURE: _____

NAME: _____